[No. 9595.    Department Two. — June 21, 1887.]

## C. M. HITCHCOCK, RESPONDENT, *v.* J. E. McELRATH, APPELLANT.

CONVERSION — PLEADINGS IN ACTION FOR — IMMATERIAL VARIANCE. — The action was brought to recover for the wrongful conversion of certain shares of the capital stock of a corporation. The complaint averred generally that the plaintiff loaned the stock to the defendant, and that he converted it to his own use. The evidence showed that the stock was loaned for the special purpose of being used by the defendant to raise money to pay and take up a certain promissory note of which the defendant was maker and the plaintiff the accommodation indorser, and that the defendant did not use it for that purpose, but converted it to his own use. The answer denied that the plaintiff was the owner of the stock, or that the defendant had borrowed it, and averred that he had bought it of the plaintiff. *Held,* that the variance between the evidence

and the allegations of the complaint was immaterial, as under the pleadings the defendant could not have been misled to his prejudice.

ID. — VALUE OF PROPERTY CONVERTED — FINDING OF JURY — APPEAL — EVIDENCE. — In an action of conversion, a finding by the jury as to the value of the property converted will not be disturbed on appeal, when there is evidence to sustain it.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*William H. Fifield,* for Appellant.

*Clement, Osment & Clement,* for Respondent.

McFARLAND, J.—This is an action to recover for the wrongful conversion of certain shares of capital stock of the Saucelito Land and Ferry Company, a corporation. Judgment went for plaintiff, and defendant appeals therefrom, and from an order denying his motion for a new trial.

Appellant relies mainly, first, upon a variance between the averments of the complaint and the proofs, and, second, upon errors committed in overruling his objections to certain testimony touching the value of the property alleged to have been converted.

1. The complaint avers generally that plaintiff loaned the stock to defendant, and that he converted it to his own use. The proofs show that it was loaned for the special purpose of being used by defendant to raise money to pay and take up a certain promissory note, of which defendant was maker and plaintiff was the accommodation indorser, and further, that defendant did *not* use it for that purpose, but converted it to his own use. This is claimed by appellant to have been a fatal variance. But appellant, in his answer, denied that he borrowed the stock at all; denied that respondent owned it at the time of the alleged conversion; and averred that

appellant had bought the stock of respondent and was the owner of it.   Under these circumstances it is impossible to see how the variance was one which "actually misled the adverse party to his prejudice in maintaining his action or defense upon the merits."   (Code Civ. Proc., sec. 469.)   We think, therefore, that the position taken by appellant on this branch of the case is not tenable.

2. There was great difficulty in determining the value of the property converted.   As there had been no movements of sale and purchase of the stock of the corporation, it had not that kind of market value which attaches to stock frequently dealt in.   Recourse was had, therefore, to the value of the property owned by the corporation.   This consisted, in part, of wharves and ferry franchises, but mainly in land lying in and near the town of Saucelito, on the water-front of the bay, and running back into the hills.

The corporation was a *land* company, and a main branch of its business was to sell its land at Saucelito in small lots for residences as purchasers could be found. Under these circumstances the purpose of counsel for respondent, at the trial, seemed to be to induce the court, as far as possible, to allow testimony tending to show what the land was worth if sold in small quantities and in the usual course of business, and supposing the affairs of the company to be properly managed.   On the other hand, the effort of counsel for appellant seemed to be to confine the testimony strictly to the question, How much would the land sell for as a whole, at forced sale, upon twenty days' notice?   The court did not fully adopt the theory of respondent.   It went, however, too far in that direction; and if it appeared at all that the value found by the jury rested upon answers of some of respondent's witnesses to one or two questions improperly admitted, there might be ground for a reversal of the judgment. There was, however, ample evidence—and considerable

of it coming from appellant's own witnesses—to support the verdict, which was for $4,050, even upon the extreme theory of value contended for by appellant. And then the court, on the motion for new trial, reduced the amount of the judgment to $983, which respondent accepted. We are satisfied, therefore, that no injustice was done the appellant.

If we have not here noticed in detail all of the many points specially made by appellant, it is not because we have not considered them.

Judgment and order affirmed.

SHARPSTEIN, J., and THORNTON, J., concurred.

Hearing in Bank denied.