[No. 20322. In Bank. — August 25, 1887.]

Ex parte ANNIE JOHNSON, on Habeas Corpus.

Municipal Corporation — Ordinance — House of Prostitution — Visit for Purpose of — City of Stockton. — The ordinance of May 2, 1887, of the city of Stockton, in so far as it prohibits any person, for the purpose of prostitution, to visit any building kept for the purpose of prostitution, is within the power of the city council to enact, and is not in conflict with the general laws of the state.

Application for a writ of *habeas corpus*. The petitioner was arrested upon a warrant issued out of the Police Court of the city of Stockton, charging her with the offense of frequenting, for the purpose of prostitution, a house kept for the purpose of prostitution. The arrest was made under section 2 of an ordinance of the city of Stockton, approved May 2, 1887, providing "that it shall be unlawful for any person to be or become an inmate of, or for the purpose of prostitution to frequent, any build-

ing, house, room, or place kept, conducted, occupied, or maintained for the purpose of prostitution." The city of Stockton was organized under the act of March 13, 1883, section 622 of which provides that the city council shall have power to prohibit and suppress houses of ill-fame. The further facts are stated in the opinion of the court.

*J. C. Campbell,* and *J. H. Budd,* for Petitioner.

The ordinance is in conflict with section 315 of the Penal Code, and a conviction thereunder would be a bar to a prosecution under the Penal Code; hence the ordinance is void. (*Ex parte Sic, ante,* p. 142.) The ordinance makes the intent with which the house is visited the crime, and not what is done at or in the house; it is therefore in conflict with section 20 of the Penal Code. (Cooley's Constitutional Limitations, 245–247; *Milliken* v. *City Council,* 58 Tex. 388; *Chy Lung* v. *Freeman,* 92 U. S. 275; *Hayden* v. *Noyes,* 5 Conn. 391; *Hayes* v. *City of Appleton,* 24 Wis. 542; 1 Dillon on Municipal Corporations, sec. 259.)

*Frank H. Smith,* for Respondent.

The ordinance, so far as it affects the present prosecution, is not in conflict with any general law of the state. (Pen. Code, secs. 266, 267, 309, 315, 316, 318, 647.) The city council had power under the constitution to enact the ordinance. (Const., sec. 11, art. 11; *Ex parte Cassinello,* 62 Cal. 538; *Ex parte Wolters,* 65 Cal. 269; *Ex parte Moynier,* 65 Cal. 33; *Ex parte Mount,* 66 Cal. 448; *Ex parte White,* 67 Cal. 102); and similar power under the act under which the city is organized. (Act of March 13, 1883, sec. 622.)

The Court. — We are of the opinion that the city council of Stockton had authority to enact the ordinance under which petitioner was convicted, and that so far as it affects this prosecution it is not in conflict with the general laws of the state.

The writ is dismissed and the prisoner remanded.