[Crim. No. 190.    In Bank.—January 22, 1897.]

Ex parte B. SEUBE on Habeas Corpus.

115 629|
131 467|

MUNICIPAL ORDINANCE—LICENSE TAX UPON LIQUOR BUSINESS—CONSTRUCTION OF ORDINANCE.—An ordinance the evident object and intent of which is to impose a license tax only upon the business of selling liquors, and which imposes a penalty only upon those who carry on the business without a license, is to be construed as a whole, and each section is to be given a construction which will make the whole consistent and operative according to the apparent intent of the framers; and a provision that "every person who sells spirituous, malt, or fermented liquors or wines, in quantities less than one quart, must obtain a license," etc., is not to be construed by itself as intended to impose a license tax upon every single act of selling, but only upon the business of selling such liquors.

HABEAS CORPUS in the Supreme Court to the sheriff of Colusa County.

The facts are stated in the opinion of the court.

*W. G. Dyar*, and *B. F. Howard*, for Petitioner.

As section 1 of the ordinance cannot be invoked to uphold sections 4 and 5, the latter sections must fall. (*Merced County* v. *Helm*, 102 Cal. 159; *Ex parte Mansfield*, 106 Cal. 400; *Partington* v. *Attorney General*, L. R. 4 H. L. Cas. 122.) If section 4 includes those who sell as a business and does not exclude all those

who do not sell as a business, it must fall. (*Merced County* v. *Helm, supra; Ex parte Mansfield, supra.*)

BEATTY, C. J.—The petitioner was convicted and sentenced to pay a fine, with the alternative of imprisonment, upon a charge of carrying on the business of selling liquors without a license, contrary to the provisions of an ordinance of Colusa county. He claims that his imprisonment is unlawful because the ordinance is void, and he bases this contention upon the decision in the case of *Merced County* v. *Helm,* 102 Cal. 159, in which it was held that an ordinance in some respects similar to the Colusa county ordinance was in excess of the powers of the board of supervisors, because it attempted to impose a license tax upon each single sale and not upon the business of selling. I have always considered that the rule of construction applied in that case went to the extreme verge of strictness, and the court has been disposed to limit rather than extend its application, as appears from the manner in which the case of *Ex parte Mansfield* was distinguished in 106 Cal. 400. In this case the language of the ordinance differs from that of the ordinance construed in *Merced County* v. *Helm, supra,* and clearly supports a construction which brings it within the conceded power of the board of supervisors "to license for the purposes of regulation and revenue all and every kind of business not prohibited by law and carried on in such county." (Stats. 1891, p. 306.)

The first, fourth, and fifteenth sections of the ordinance read as follows:

" 1. That, for the purpose of regulating certain businesses and occupations in the county of Colusa, and for the purpose of raising revenue for county purposes, a license tax shall be, and the same is hereby, imposed upon persons, occupations, and businesses carried on in said county of Colusa, state of California, in the following manner and for the following sums or rates, to wit:"

" 4. Every person who sells spirituous, malt, or fer-

mented liquors or wines, in quantities less than one quart, must obtain a license, and pay therefor one hundred dollars per year."

"15. Every person who commences or carries on any business or calling, for the transaction or carrying on of which a license is required by this ordinance, without first procuring a license as prescribed herein, is guilty of a misdemeanor."

The claim of petitioner is, that section 4 must be read by itself, and without reference to the other sections and parts of the ordinance, and that, so read, it is fatally affected by the vice found in the Merced county ordinance—that is to say, that it attempts to impose the license tax upon every single act of selling. But we know of no rule of statutory construction which requires us to take one section of the ordinance by itself and give it a construction at variance with other sections. On the contrary, the rule is to look at the whole ordinance, and to give each section a construction which will make the whole consistent and operative according to the apparent intent of the framers.

But, even if we were to look to section 4 alone, the petitioner could claim nothing from the doctrine stated by Lord Cairns in *Partington* v. *Attorney General*, L. R. 4 H. L. Cas. 122, as quoted in *Merced County* v. *Helm*, *supra:*

" ' The principle of all fiscal legislation is, that if the person sought to be taxed comes within the letter of the law, he must be taxed, however great the hardship may appear to the judicial mind to be. On the other hand, if the crown, seeking to recover the tax, cannot bring the subject within the letter of the law, the subject is free, however apparently within the spirit of the law the case might otherwise appear to be. In other words, if there be admissible in any statute what is called an equitable construction, certainly such a construction is not admissible in a taxing statute, where you can simply adhere to the words of the statute.' "

If the letter of the ordinance embraces all who sell,

it certainly embraces all who make a business of selling; and petitioner cannot claim that the acts charged in the complaint upon which he was convicted do not come within the letter of the ordinance. The only point he can urge is, that the whole ordinance is void because it imposes, or attempts to impose, a license tax upon every single sale.

Speaking for myself, I should say that if the ordinance, looking exclusively to section 4, necessarily bore that construction, it would only be void *pro tanto*. But this point need not be decided, because it is perfectly clear from all the provisions of the ordinance that the intention of its framers was to impose the tax only upon the business of selling. It is only those who carry on the business who incur the penalty, and it was for carrying on the business that the petitioner was arrested and prosecuted.

The prisoner is remanded.

HENSHAW, J., TEMPLE, J., and VAN FLEET, J., concurred.

MCFARLAND, J., concurred in the judgment.