[Crim. No. 1229.  In Bank.—August 10, 1905.]

In Re THOMAS C. BERRY, on Habeas Corpus.

AUTOMOBILES—COUNTY ORDINANCE PROHIBITING NIGHT USE—REASON-
ABLENESS — HABEAS CORPUS — BURDEN OF PROOF.—A county or-
dinance prohibiting the use of automobiles on the public roads at
night-time is not unreasonable on its face; and the burden of
showing its unreasonableness is on one convicted of its violation
who petitions to be discharged upon *habeas corpus.*

APPLICATION for discharge on Habeas Corpus from
imprisonment by Sheriff of Marin County under sentence of
William F. Magee, Justice of the Peace.

The facts are stated in the opinion of the court.

Chickering & Gregory, for Petitioner.

Thomas P. Boyd, District Attorney of Marin County, for
Sheriff, Respondent.

McFARLAND, J.—There was an ordinance of the board
of supervisors of the county of Marin, California, which, after
prohibiting the use of automobiles on certain parts of some
of the public roads of that county, and regulating their use
in other respects, provides as follows: ''Section 8. No person
shall run an automobile on any of the said unprohibited
highways of Marin County between the hours of sunset of
any day and of sunrise on the day following,''—and a viola-
tion of the section is made punishable by a fine or imprison-
ment.  The above-named Thomas C. Berry was convicted of
a violation of said section 8, and judgment was rendered
against him sentencing him to imprisonment.  He appealed
to the superior court of said county, and the judgment was
there affirmed.  Thereupon this present application is made
on his behalf for a writ of habeas corpus, and his discharge
is asked upon the ground that said section 8 of the ordinance
is invalid and void for certain assigned reasons.

There is nothing in any of the positions taken by petitioner
which requires special notice, except the position that the
provision of the ordinance here in question is void because

unreasonable; and in our opinion that position is not tenable.

When the validity of an ordinance is attacked on the ground that it is unreasonable, the burden of showing its unreasonableness is upon the person attacking it. In *Ex parte Haskell*, 112 Cal. 412, [44 Pac. 725], where an ordinance was attacked for reasons similar to those asserted in the case at bar, the court said: "A municipal ordinance must be very clearly obnoxious to such objections as those made, or some one of them, before it will be declared invalid by the courts. Every intendment is to be indulged in favor of its validity, and all doubts resolved in a way to uphold the law-making power; and a contrary conclusion will never be reached upon light consideration." In the case at bar there is nothing in the record to show anything about the alleged unreasonableness of the ordinance except the ordinance itself; and the burden is on the petitioner to maintain that upon its face the ordinance is unreasonable. There is nothing in the record which shows with any particularity what an automobile is, and, of course, a court could not declare unreasonable a regulation about something of which it has no knowledge; therefore, in order to at all consider the question here involved, we must assume judicial knowledge of an automobile and its characteristics and the consequences of its use—under the statutory provision that courts take judicial notice "of the true significance of all English words and phrases." (Code Civ. Proc., sec. 1875.) We may assume, therefore, to have what is common and current knowledge about an automobile. Its use as a vehicle for traveling is comparatively recent. It makes an unusual noise. It can be and usually is made to go on common roads at great velocity—at a speed many times greater than that of ordinary vehicles hauled by animals; and beyond doubt it is highly dangerous when used on country roads, putting to great hazard the safety and lives of the mass of the people who travel on such roads in vehicles drawn by horses. Fearful accidents to persons driving animals which are frightened into unmanageable terror by automobiles are of common occurrence. And while there are usually laws regulating and limiting the speed at which they may be driven, it is matter of common knowledge that these laws are frequently violated, and that it is exceedingly difficult for officers, even in the day-time, to stop them when going at

forbidden speed and arrest the drivers. And it is apparent that this would be much more difficult to do in the night-time. Moreover, in the night-time even those drivers of automobiles who might be considerate of the safety of others would not be able to see an approaching team in time to take the proper precautions. Considering these matters, and many others which might be suggested, we see nothing unreasonable in the regulation—and it is only a regulation—which forbids the use of automobiles on country roads in the night-time.

Of course, if the use of automobiles gradually becomes more common, there may come a time when an ordinance like the one here in question would be unreasonable. As country horses are frequently driven into cities and towns many of them will gradually become accustomed to the sight of automobiles, and the danger of their use on country roads will grow less. But the supervisors who passed this ordinance were dealing with present conditions in Marin County; and we are not prepared to say judicially that under present conditions the ordinance is so unreasonable as to be void.

We do not think it necessary to discuss the question further, because a general law has recently been passed by the state legislature which probably supersedes the ordinance here in question, and the decision of the case at bar will not be of much value as a precedent.

The person on whose behalf this writ was applied for is remanded to the custody of the sheriff, and the writ is discharged.

Shaw, J., Angellotti, J., Van Dyke, J., Lorigan, J., and Beatty, C. J., concurred.