[Civ. No. 1031.    Third Appellate District.—October 31, 1912.]

GEORGE ARFSTEN, Petitioner, v. SUPERIOR COURT OF MENDOCINO COUNTY and J. Q. WHITE, Judge, Respondents.

COUNTY ORDINANCE—SALE OF LIQUOR WITHOUT LICENSE—INCREASING PENALTY—CONFLICT WITH PENAL CODE.—A county ordinance fixing the maximum penalty for the sale of liquor without a license, so as to bring an infraction of the ordinance within the jurisdiction of the superior court, is in conflict with section 435 of the Penal Code, which fixes the maximum penalty for the same offense at a less amount, so as to make it cognizable only in the justice's court, and is invalid, unreasonable, and void.

ID.—VIOLATION OF ORDINANCE—TRIAL IN SUPERIOR COURT—JURISDICTION—PROHIBITION.—Where the superior court is proceeding without jurisdiction to a trial for the violation of such ordinance, a writ of prohibition is the proper remedy to prevent such trial.

PETITION for a Writ of Prohibition to the Superior Court of Mendocino County.    J. Q. White, Judge.

The facts are stated in the opinion of the court.

Mannon & Mannon, and Preston & Preston, for Petitioner.

Robert Duncan, for Respondents.

BURNETT, J.—The application is to prohibit the superior court from proceeding to try petitioner on an information in which it is charged that on a certain date he did "willfully and unlawfully sell intoxicating liquors, to wit, whiskey, to one Dow Chilson." The prosecution is sought to be upheld by reason of two certain ordinances passed by the board of supervisors of the county of Mendocino. The first is known as ordinance No. 161 and, as far as necessary to quote, is as follows: "It shall be and hereby is made unlawful for any person to sell any alcoholic, spirituous, vinous, malt or other intoxicating liquor within the county of Mendocino, state of California, Provided, that this ordinance shall not apply to sales made at his regular place of business under authority of a license by any person holding

a regularly issued city or county retail or wholesale liquor license," etc. The penalty provided for the violation of said ordinance was a fine of not less than one hundred dollars nor more than five hundred dollars or imprisonment in the county jail not less than thirty days nor more than six months. On February 7, 1912, ordinance No. 189 was passed by said board, providing that "Section 3 of ordinance No. 161 is hereby amended to read as follows: Any person convicted of a violation of ordinance No. 161 of the county of Mendocino shall be punished by a fine not exceeding $600.00 or by imprisonment in the county jail not exceeding seven months, or by both such fine and imprisonment." The ordinance as it originally stood carried with it a penalty cognizable only in the justice court; as amended, its infractions are brought within the jurisdiction of the superior court, but it is the contention of petitioner that this amendment increasing the punishment is invalid.

It is admitted that the authority of the board of supervisors to enact such legislation finds its basis in section 11, article 11 of the constitution, providing that "Any county, city, town, or township may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws." It is not disputed that said ordinance 161 involved the exercise of authority conferred by said section 11 of the constitution, but it is claimed that the purported amendment is invalid by reason of the fact that it is in conflict with a general law. It is asserted that the case is covered by section 435 of the Penal Code, providing that "Every person who commences or carries on any business, trade, profession or calling, for the transaction or carrying on of which a license is required by any law of the state, without taking out or procuring the license prescribed by such law, is guilty of a misdemeanor." It is to be observed that no specific penalty is prescribed therein, but it is supplied by section 19 of the Penal Code as follows: "Except in cases where a different punishment is prescribed by the code, every offense declared to be a misdemeanor is punishable by imprisonment in a county jail not exceeding six months, or by a fine not exceeding five hundred dollars, or by both." It cannot be disputed that the expres-

sion, "by any law of this state," found in said section 435, includes an ordinance passed by the board of supervisors of a county. (*Ex parte Sweetman,* 5 Cal. App. 577, [90 Pac. 1069]; *Ex parte Bagshaw,* 152 Cal. 701, [93 Pac. 864].) Neither can it be doubted that the penalty provided by said ·section 19 brings the offense thus penalized within the jurisdiction of the justice court. Upon the assumption, therefore, that the case before us is within the contemplation and scope of said section 435, the conclusion would follow that the superior court is without jurisdiction to try petitioner.

Of the ordinance it is to be noticed that the "business" of selling liquor without a license is not, specifically and in so many words, penalized, but this is the effect of the terms employed. In the first place, the ordinance recognizes as lawful the sale of liquor at his regular place of business by one holding a liquor license. In other words, one holding a regular license may conduct the business of liquor selling without incurring the penalty of the ordinance. But if he conducts the business without a license, although at a "regular place of business," he is liable to a fine of six hundred dollars and imprisonment for the term of seven months. This necessarily follows, because a man cannot "carry on" or conduct the liquor business without selling liquor and, under the terms of the ordinance, he is subjected to the penalty if he makes one sale of liquor. A person may sell liquor without engaging in the liquor business but the converse does not follow. The incident does not include the principal but the principal includes the incident. In *Merced County* v. *Helm,* 102 Cal. 166, [36 Pac. 400], it is said: "The distinction between a single act and the business in which the act is done is very marked, and is well recognized in adjudged cases." It is also declared that a tax upon the sales is a tax upon the different acts in the transaction of the business.

In *Ex parte Seube,* 115 Cal. 629, [47 Pac. 596], it is said that an ordinance which embraces all who sell "certainly embraces all who make a business of selling." We have this situation, then: If a person, without a license, "carries on" the business by doing the only thing which enables him to carry it on and for which the business is conducted, the ordinance subjects him to a penalty in excess of that which,

under the general law, can be imposed for "commencing or carrying on" the business.

But if the sale of liquor should be considered separate and distinct from the liquor business and not a necessary part of said business, still it would seem unreasonable to impose a greater penalty for the former than for the latter. Under the general law, if a person without a license carries on, in Mendocino County, the liquor business for a single day he would be liable to a punishment not to exceed imprisonment in the county jail for six months and a fine of five hundred dollars, but if within that day he should make one hundred sales of liquor he might, under the ordinance, be subjected to one hundred prosecutions with the possibility of the increased penalty for each offense. In this view, accepting the general law as the test, the ordinance would seem to be unreasonable and void.

In *Ex parte Solomon*, 91 Cal. 440, [27 Pac. 757], it was held, as stated in the syllabus, that "Section 70 of ordinance 1587 of the city and county of San Francisco, fixing the minimum penalty for the offense of having lottery tickets in possession at a fine of $250.00, or imprisonment for three months, and allowing a maximum penalty of $1,000.00, or imprisonment for six months, is not in harmony with sections 320 to 326 of the Penal Code, regulating and punishing kindred and more serious offenses respecting lottery drawing, the selling of lottery tickets, etc., which can only be punished by a fine not exceeding $500.00 or by imprisonment not exceeding six months, without any minimum penalty, and such ordinance is unreasonable and void, as being in conflict with the general laws of the state."

In the case of *In re Sic*, 73 Cal. 142, [14 Pac. 305], the prosecution was under section 3 of an ordinance of the city of Stockton providing that "It shall be unlawful for two or more persons to assemble, be, or remain in any room or place for the smoking of opium or inhaling the fumes thereof." Although the ordinance was directed against the smoking of opium "in any room or place" the supreme court held that it covered the same offense as included within the provisions of section 307 of the Penal Code, as follows: "Every person who opens or maintains, to be resorted to by other persons, any place where opium or any of its preparations, is sold or

given away, to be smoked at such place; and any person who at such place sells or gives away any opium . . . ; and every person who visits or resorts to any such place for the purpose of smoking opium or its said preparations is guilty of a misdemeanor." While it was said that "section 3 of the ordinance is broad enough in terms to prohibit opium smoking under all circumstances, except when the person keeps moving," it was held that its evident purpose was to prevent the maintenance of places of resort where opium is smoked, and, hence, the conclusion of the court that the ordinance was conflicting with the general law, it being stated that "an ordinance must be conflicting with the general law which may operate to prevent a prosecution of the offense under the general law." It was further declared that "perhaps it would be enough to say that the offense charged in the complaint, of which respondent was convicted, may be, for aught that appears, the same as that prohibited in the code." It seems quite clear that if the ordinance in question here (No. 189) is to be upheld, a person who "commences or carries on" the liquor business in Mendocino County without a license may be prosecuted under said ordinance and subjected to its severer penalty notwithstanding the general law as embraced in said section 435 of the Penal Code. It is also true that, for aught that appears, the offense charged in the information is the same as that punishable under the general law, and the case is thus brought within the rule as above quoted from the Sic decision. (See, also, *Ex parte Ah You,* 88 Cal. 99, [22 Am. St. Rep. 280, 11 L. R. A. 408, 25 Pac. 974], and *In re Desanta,* 8 Cal. App. 295, [96 Pac. 1027].)

Granting, however, that it is competent for the board of supervisors to so discriminate, the ordinance is so framed that it is impossible to say that the part imposing a penalty for the sale in conducting the business is invalid and for the other sales is valid. The section in that respect is unlike that presented in *Ex parte Mansfield,* 106 Cal. 400, [39 Pac. 775], and *Ex parte Stephen,* 114 Cal. 278, [46 Pac. 86].

Of course, what we have said simply applies to the amendment to ordinance 161 increasing the penalty. The amendment being invalid, it would leave unaffected said ordinance 161 as originally passed by the board of supervisors.

20 Cal. App.—18

The cases cited by respondent, it is believed, are not opposed to the views herein expressed.

In *Ex parte Snowden,* 12 Cal. App. 521, [107 Pac. 724], a municipal ordinance punishing a greater rate of speed than that forbidden by the state law was held not to be in conflict with the latter on the ground and for the reason that "the mere fact that the state, in the exercise of its police power, has made certain regulations does not prohibit a municipality from exacting additional requirements."

*In re Guerroro,* 69 Cal. 88, [10 Pac. 261], involved the authority of the city of Los Angeles to pass an ordinance requiring a license fee of fifty dollars a month for carrying on the business of a saloon. It was held that the ordinance was "in harmony with the constitution of the state, the general laws of the state and the city charter."

The ordinance upheld in *Ex parte Johnson,* 73 Cal. 228, [15 Pac. 43], made it a misdemeanor to frequent a house of prostitution, while the general law (Pen. Code, sec. 315) is directed against the maintenance of such place or residence therein.

In *Ex parte Chong,* 90 Cal. 617, [27 Pac. 436], the petitioner was convicted of violating an ordinance against carrying concealed weapons. There was no specific provision of the statutes or constitution upon the subject. The court held that the penalty imposed by the ordinance was not unreasonable.

*Ex parte Hong Shen,* 98 Cal. 681, [33 Pac. 799], concerns certain regulations for the sale of opium and it was held that there was no conflict with the general law.

In *Ex parte McClain,* 134 Cal. 110, [86 Am. St. Rep. 243, 54 L. R. A. 779, 66 Pac. 69], an ordinance making it unlawful for any person to have in his possession a lottery ticket and to punish its violation was upheld. It was not contended that the ordinance was in conflict with any general law but that it was unreasonable and oppressive.

*In re Berry,* 147 Cal. 523, [109 Am. St. Rep. 160, 82 Pac. 44], relates to a county ordinance prohibiting the use of automobiles in the public roads at night. There was no state law in conflict with it and it was held to be not unreasonable or void.

*In re Hoffman,* 155 Cal. 115, [132 Am. St. Rep. 75, 99 Pac. 517], like *Ex parte Snowden,* involved the imposition of additional requirements to those exacted by the state law for the sale of milk and the ordinance was held to be within the exercise of the police power of the city of Los Angeles.

*Harter* v. *Barkley,* 158 Cal. 742, [112 Pac. 556], involved the validity of a certain ordinance providing certain regulations ''for the tapping and connection with the sewers.'' The ordinance was held to be reasonable and within the police power of the board of supervisors.

If said ordinance 189, increasing the penalty for the violation of ordinance No. 161, is invalid, it follows, we think, that the court is without jurisdiction and prohibition is proper. (*Green* v. *Superior Court,* 78 Cal. 556, [21 Pac. 307, 541] ; *People* v. *Palermo Land & Water Co.,* 4 Cal. App. 717, [89 Pac. 723, 725].)

In *Gardner et al.* v. *Superior Court of Los Angeles Co.,* 19 Cal. App. 548, [126 Pac. 501], the district court of appeal for the second district held that, in a case like this, the writ of prohibition would not lie without an affirmative showing that the petitioner is without any ''plain, speedy and adequate remedy in the ordinary course of law.'' The two decisions cited in support of the doctrine were rendered in civil cases and the later certainly qualifies if it does not overrule the earlier decision. In *Lindley* v. *Superior Court,* 141 Cal. 220, [74 Pac. 765, it is said: ''If, as contended, the superior court is without jurisdiction, there is, of course, a remedy by appeal for any adverse judgment affecting petitioner, and it is not sufficient ground for interfering by prohibition that the trial will be expensive and troublesome.''

In *Ophir Silver Min. Co.* v. *Superior Court,* 147 Cal. 467, [3 Ann. Cas. 340, 82 Pac. 70], however, it was held that ''Where the court has no jurisdiction of the subject matter of the action and the remedy by appeal is inadequate for the reason that the trial would involve heavy expense for transporting witnesses which could not be recovered as legal costs, prohibition will lie notwithstanding the remedy by appeal.''

The rule in criminal cases, sanctioned by right, reason and simple justice, as we conceive it, is stated by the supreme court in *Terrill* v. *Superior Court,* (Cal.) 60 Pac. 38, and by this court in *Ex parte Hayter,* 16 Cal. App. 225, [116 Pac.

376]. In the latter it is said: ''The remedy by appeal is neither speedy nor adequate in a case where a citizen is restrained of his liberty under an illegal process. . . . To require him to resort to his remedy by appeal would, likely, only be to force him to suffer imprisonment until his trial is had, and in case of conviction, until his appeal could be heard and determined and all this as the result of a proceeding of which the court has no jurisdiction.'' It may be added that the contention of another adequate remedy implies, of course, that the petitioner may be convicted and suffer imprisonment until his case can be reached on appeal. Unless convicted he will have no occasion to invoke the other remedy. If convicted, and required, as he may be, to suffer the whole or a part of the term imposed the remedy by appeal would at least to the appellant seem quite inadequate.

The demurrer is overruled and the alternative writ is made peremptory.

Chipman, P. J., and Hart, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 30, 1912.