[Crim. No. 375.   Third Appellate District.—January 9, 1917.]

In the Matter of the Application of S. AKI for a Writ of Habeas Corpus.

INTOXICATING LIQUORS—PENALIZING OF SINGLE SALES WITHOUT LICENSE —VALID ORDINANCE.—A municipal ordinance, which by its express terms is declared to be one for regulating the sale of spirituous liquors, and which is prohibitive and penal in its terms, and which explicitly makes it unlawful for any person to sell intoxicating liquors in any quantity whatsoever, unless he comes within one of the excepted classes, and has first obtained a license to make the sale, is a police regulation, and a single sale by a person not having a license, and not within the excepted classes, constitutes a violation of the ordinance.

APPLICATION for a Writ of Habeas Corpus originally made to the District Court of Appeal for the Third Appellate District to secure discharge from a conviction of illegally selling intoxicating liquors.

The facts are stated in the opinion of the court.

John J. Bauer, and J. V. Hart, for Petitioner.

H. B. Bradford, District Attorney, and Stephen Otis, Deputy District Attorney, for Respondent.

PLUMMER, J., pro tem.—On the sixth day of March, 1916, the petitioner was convicted in the police court of the city of Sacramento of illegally selling intoxicating liquors. The gravamen of the offense consists in having sold liquors without first having obtained a license therefor, and consisted, so far as the record shows, of a single sale.

It is contended on the part of the petitioner that the ordinance under which the petitioner was convicted is a revenue measure, and therefore the city has no power to impose a license upon a single sale. The title of the ordinance involved is as follows: "An ordinance regulating the sale of wines, spirituous and malt liquors; prescribing a license therefor, regulating the management and conduct of places where such liquors are sold, furnished or given away, and fixing a penalty for the violation of this ordinance."

Section 1 provides: "It shall be unlawful for any person to keep a saloon, bar, barroom, tippling-house, dram-shop, store or other place where any wine, ale or beer, or any spirituous, vinous, malt or mixed liquors, or any intoxicating drinks, are manufactured, sold or given away, or to manufacture, sell, dispense or give away any such wine, ale or beer or spirituous, vinous, malt or mixed liquors, or any intoxicating drinks, without first having obtained a license therefor as provided in this ordinance."

The petitioner was arrested, prosecuted, and convicted under the second provision of the above-quoted section, which purports to make it unlawful for one to sell or dispense intoxicating liquors, irrespective of place, without first having obtained a license so to do. The petitioner seeks his discharge upon the authority of the cases of *Merced County* v. *Helm*, 102 Cal. 159, [36 Pac. 399], and *Ex parte Seube*, 115 Cal. 629, [47 Pac. 596], and one or two minor cases involving the principle there considered.

These cases clearly establish the law that as a revenue measure a license can only be imposed upon the business of selling intoxicating liquors, etc., and that a single sale does not constitute the carrying on of such business. But these cases, and especially the Helm case, recognize the difference between police measures, or police regulations, and ordinances adopted primarily for the raising of revenue. The court, speaking through Justice Harrison, in the Helm case says: "The right of the county to prohibit the sale of intoxicating liquors in the exercise of police powers conferred upon it by article XI, section 11 of the constitution . . . is not involved in the determination of this case, as the ordinance in question does not purport to have been enacted under this power. By its very terms the ordinance is a revenue measure, and this suit is simply a civil action to recover a liability, etc., and the collection of a tax does not come within the exercise of police powers. . . . That power is exercised in the enforcement of the penalty prescribed for a noncompliance with the law, or for the doing of some prohibited act." No prohibitive acts were involved in the Helm or Seube case, and no question of the police power of cities or counties, as given by section 11 of article XI in the constitution of this state, was involved.

The subdivision of the constitution just referred to reads:

"Any county, city, town, or township may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws."

In chartered cities of this state there are no general laws restraining or limiting the power of the city council of such cities to make such regulations stringent, or even prohibitive, in so far as the sale of intoxicating liquors is concerned, nor does it appear that the right to prohibit or regulate the sale of intoxicating liquors depends in any wise upon the number of sales involved, or, as said in *People* v. *Harrison*, 256 Ill. 102, [Ann. Cas. 1913E, 362, 99 N. E. 903], "the manner and extent of its regulation, if permitted to be carried on at all, are to be determined by the state, so as to limit, as far as possible, the evils arising from it. (*Crowley* v. *Christensen*, 137 U. S. 86, [34 L. Ed. 620, 11 Sup. Ct. Rep. 13]) In cities, authority for such regulation or prohibition has been conferred by the legislature upon the city councils, and all sales of intoxicating liquor are unlawful and are prohibited unless made by virtue of a license granted under an ordinance. The power conferred upon the city is coextensive with that of the state, and includes authority to adopt any means to reduce the evils arising from the sale of intoxicating liquor, reasonably adapted to that end, which do not violate constitutional rights."

That the sale of spirituous liquors is a matter to be regulated under the police powers of the state has been so frequently decided that the enumeration of authorities is unnecessary.

In *Ex parte Fedderwitz*, 6 Cal. Unrep. 562, [62 Pac. 935], the ordinance involved provided that, "It shall be a misdemeanor for any person to sell or give away any spirituous liquors within the city, except a licensed druggist selling on the prescription of a regularly licensed physician." It was held that the ordinance was valid, and was a proper exercise of the police power of the state in prohibiting a single act of selling or giving away of spirituous liquors by one not engaged in the liquor traffic. The court, speaking through Chief Justice Beatty, says: "The charge upon which the petitioner was convicted was that of selling and giving away malt and spirituous liquors. It is not alleged that he kept a saloon, or that he was otherwise engaged in the traffic, either as a wholesale or retail dealer; and the question is, whether the or-

dinance contains a valid prohibition against the act charged. If it does, it does not matter that it may contain other prohibitions which the city has not the power to impose. The ordinance, in that case, would be merely void *pro tanto,* and its partial invalidity would not affect the judgment against this petitioner. It is claimed upon the authority of *Merced County* v. *Helm,* 102 Cal. 159, [36 Pac. 399], that a municipal corporation cannot make a single act of selling or giving away intoxicants a crime. But that case has no bearing upon the proposition. That was a civil action to recover a license which was imposed, and could only be imposed, for the privilege of conducting the business; and it was there held, among other things, that a single sale was not carrying on a business in the sense of the license laws. It does not follow from this, however, that a single sale may not constitute a crime if the ordinance so provides, as this clearly does. And the power to pass such an ordinance is granted in the most sweeping terms in section 11 of article XI of the constitution.''

Justice Beatty further, in his opinion in this case, in referring to the case of *Ex parte Campbell,* 74 Cal. 20, [5 Am. St. Rep. 418, 15 Pac. 318], points out the distinction which is applicable here, and says: ''The court was careful to say that the case did not involve any question as to the right to sell liquor apart from the traffic, but it was not decided or intimated that a prohibition of single sales was beyond the power of the municipality.''

This court, in. the *Matter of Anixter,* 22 Cal. App. 117, 118, [134 Pac. 193], had before it an ordinance involving the restrictive principle here in question. The ordinance of the town of Winters provided: ''It shall be and is hereby made unlawful for any person, etc., within the corporate limits of the said town of Winters, to solicit orders, take orders or make agreements for the sale or delivery of any intoxicating liquors or liquor of any kind whatever, or in any quantity or quantities.''

Section 2 of the same ordinance contained exceptions allowing registered pharmacists holding licenses to sell liquors for certain purposes. This court, speaking through Justice Hart, held that there is absolutely no restriction upon the right of the state, in the exercise of its powers of police, to deal with the business of selling intoxicating liquors by retail in any manner that it deems fit or proper. A state or its munici-

palities may prohibit the traffic in such liquors altogether, or, permitting the traffic to be carried on, may impose such conditions upon its existence as it pleases."

The ordinance involved in the Anixter case did not relate to any particular place of doing business, but distinctly made it a misdemeanor to sell intoxicating liquors in any quantity, unless the person came within one of the excepted classes and held a license authorizing him to sell. This same case was before the supreme court in 166 Cal. 762, [138 Pac. 353], and the doctrine was there affirmed that a state and its subordinate municipal agencies may pass laws, even laws penal in their character, regulating and indeed prohibiting the sale of intoxicating liquors, or soliciting orders, or the making of contracts for the sale of such liquors, and also holding that such an ordinance was a valid exercise of the police power granted to the cities of this state.

In *In re Kidd,* 5 Cal. App. 159, [89 Pac. 987], the ordinance in relation to the sale of intoxicating liquors in the city of Riverside prohibited the sale of all intoxicating liquors by any person, except that the city council might issue a permit to a keeper of hotels having forty or more bedrooms. This ordinance was upheld, the court expressing the view that the constitutional requirement with reference to the uniformity in operation of all laws of a general nature has no application to ordinances enacted in pursuance of the legitimate exercise of the police power, and only when it is manifest that there is an unjust discrimination do courts interfere.

In *Ex parte Hansen,* 158 Cal. 494, [111 Pac. 528], the ordinance involved provided that it was unlawful for any person within the county and outside municipalities therein to sell, furnish, distribute, or give away intoxicating drinks of any kind, except for certain purposes. The offense charged against the petitioner was the purchasing, receiving, and accepting a particular intoxicating drink, and furnishing, selling, distributing, and delivering the same. The ordinance was upheld and the petitioner remanded.

In *In re Coombs,* 169 Cal. 484, [147 Pac. 131], an ordinance of the city of Los Angeles providing, among other things, that "no person shall sell any intoxicating liquor in any quantity whatsoever, except at a fixed place of business, or without first obtaining a license therefor under the provisions of the ordinance," was upheld, the court adding that "the power

to regulate involves a wide discretion in the selection of the classes of dealers in intoxicants who should be subjected to regulation. For example, an ordinance is valid which gives the right to sell liquors only to keepers of hotels, and permits the serving of intoxicants only in the dining-rooms of such hotels, and as part of regular meals. Indeed, the governing power which may prohibit a thing altogether may impose even arbitrary restrictions upon its existence.'' This case also holds ordinances of the character involved in this proceeding to be legitimate exercises of the police powers vested in the city councils.

In the case at bar, there is no unjust or invidious discrimination. The petitioner has no inherent right to sell intoxicating liquor, whether in one or many sales, and he does not show himself to be one of the excepted classes.

The power to regulate must necessarily include the power to determine whether the privilege of selling intoxicating liquors may be exercised, and also the requirements of the persons who may be granted the privilege of making sales.

The ordinance before the court is, by its express terms, declared to be one for regulating the sale of spirituous liquors; it is prohibitive and penal in its terms, and explicitly makes it unlawful for anyone to sell intoxicating liquors in any quantity whatsoever, unless he comes within one of the excepted classes, and has first obtained a license to make the sale. The fact that the ordinance contains no provision licensing single sales of intoxicating liquors does not alter, change, or affect its penal prohibitive features. The authorities herein reviewed clearly establish the power of the city council to make a single sale by a person not having a license and not within the excepting clauses a misdemeanor, and that is exactly what has been done by the ordinance under review. Nor do any of the provisions of the ordinance of the city of Sacramento, exacting the payment of a certain sum per annum before any license to engage in the business of selling liquors can be granted, change the character of the ordinance as being a police regulation. As we have shown, the city council of the city of Sacramento possesses the undoubted right to regulate, in any manner that it sees fit, and this regulation may be as well by exacting licenses, and penalizing sales without licenses, as by any prohibitory measures. If that is the purpose and the plain intent of the ordinance, it is not to

be set aside on the plea that the city may derive a revenue therefrom, nor because the method of regulating may not be efficient. The prohibition or penalizing of single sales of intoxicating liquor must be held to come within the necessary police powers of cities and counties, and its exercise just and reasonable, and a measure tending to minimize the evils flowing from the traffic, confining it to definite and licensed places where peace officers may always exercise supervision.

It follows from what has been said that the writ must be denied and the petitioner remanded. It is so ordered.

Chipman, P. J., and Burnett, J., concurred.