[No. 20760.   In Bank. — February 18, 1891.]

In the Matter of AH YOU, on Habeas Corpus.

Criminal Law — Municipal Ordinance — Visiting House of Ill-fame. — So much of a municipal ordinance as permits a maximum fine of one thousand dollars, or a fine of so much as four hundred dollars, to be imposed for visiting a house of ill-fame is unreasonable, and not in harmony with the laws of the state, and is therefore void.

Id. — Reasonableness of Municipal Ordinances — Limit of Penalty — Discretion of Court — Duty of Board of Supervisors. — Municipal ordinances must be reasonable, and although the penalties prescribed for their violation may be left to the discretion of the court within fixed, reasonable limits, the maximum limit must be reasonable, and proportionate to the offense, and must be fixed by the board of supervisors, and not left to be fixed by the discretion of the judge at the extreme limit allowed by the legislature to be fixed by the board of supervisors for any offense.

Application to the Supreme Court for discharge upon writ of *habeas corpus.* The facts are stated in the opinion of the court.

*Louis E. Phillips,* for Petitioner, cited Pen. Code, secs. 1205, 1446; *Ex parte Woodleigh,* 82 Cal. 521; *Ex parte Arras,* 78 Cal. 314; *Ex parte Rosenheim,* 83 Cal. 388; *Ex parte Neustadt,* 82 Cal. 273; *Ex parte Harrison,* 63 Cal. 299; *Yick Wo* v. *Hopkins,* 118 U. S. 356.

*William S. Barnes,* for Respondent.

HARRISON, J. — The petitioner was convicted in the police court of the city and county of San Francisco of a misdemeanor, for visiting a house of ill-fame, and on the seventh day of March, 1890, was sentenced to "pay a fine of four hundred dollars, and in default of payment thereof, that he be imprisoned in the county jail of said city and county at the rate of one day for each one dollar of fine until said fine is satisfied." Under a commitment issued upon this judgment he was immediately taken into the custody of the sheriff, and has since that day been confined in the county jail of San Francisco..

Section 33, order No. 1587, as amended by order No. 1955, of the board of supervisors of the city and county of San Francisco, under which his conviction was had, is as follows: "It shall be unlawful for any person in the city and county of San Francisco to keep or maintain, or become an inmate of, or a visitor to, or in any manner to contribute to the support of, any disorderly house, or house of ill-fame, or place for the practice of gambling, or knowingly let or underlet or transfer the possession of any premises for use by any person for any of said purposes. Every person who shall violate any of the provisions of this section shall be deemed guilty of a misdemeanor, and punished by a fine of not less than twenty dollars, or imprisonment not less than ten days."

The maximum amount of the punishment for this offense is not defined, but is left to the discretion of the court, except as it is qualified by the provisions of section 1 of order 1587, which reads as follows: "Any person violating any of the provisions of this order shall be deemed guilty of a misdemeanor, and be punished by a fine not exceeding one thousand dollars, or imprisonment not exceeding six months, or by both such fine and imprisonment."

Construing these two sections together as defining the extent of the punishment by fine for the offense, it results that the ordinance provides that the penalty for

visiting a house of ill-fame shall be not less than twenty dollars, nor more than one thousand dollars.

Municipal ordinances must be reasonable, and the penalties prescribed for their violation must also be reasonable as well as definite. It is not essential, however, that the precise amount of the penalty for each offense shall be designated in the ordinance. It is sufficient if it be left to the discretion of the court, within fixed, reasonable limits. The maximum limit must, however, be reasonable. (Dillon on Municipal Corporations, secs. 338, 341.)

The legislature (Stats. 1861, p. 552) has given to the city and county of San Francisco power " to determine the fines, forfeitures, and penalties that shall be incurred for the breach of regulations established by its board of supervisors," with the maximum limit of one thousand dollars, or six months' imprisonment, or both. But it does not follow that the city is authorized to affix this maximum penalty for the violation of every regulation that it may establish under its general power to define offenses, and prescribe penalties therefor. It is not justified in prescribing the same penalty for each offense which it may define. Penalties should be prescribed with reference to the offenses which are committed, rather than to the power under which they may be prescribed. This power to " determine " the penalties which shall be incurred for the breach of its regulations has been conferred upon the city, and must be exercised by its board of supervisors, and not left to the discretion of the judge before whom the offense is tried. (*Matter of Frazee*, 63 Mich. 408.) The board of supervisors must itself fix, within limits which are reasonable, the penalty to be incurred for the violation of each offense. If, however, the board of supervisors does not determine the penalty in any other terms than that it shall not be less than twenty dollars, but leaves to the judge the power to affix the maximum

amount of punishment which the legislature has author-
ized to be affixed for the violation of any offense, instead
of fixing the penalty within reasonable limits, it gives to
the judge the discretion of determining what the penalty
shall be for each offense.   This has the same effect as if
it had itself fixed the maximum limit of the penalty at
one thousand dollars.   But a municipal ordinance which
should prescribe a fine of one thousand dollars, or even
four hundred dollars, as the penalty for visiting a house
of ill-fame, would be not only unreasonable, as imposing
a punishment greatly disproportionate to the offense, but
would also be inconsistent with the general principles of
the Penal Code upon kindred topics.

In the exercise of the power conferred upon it to " reg-
ulate all practices which are contrary to public order and
decency," by virtue of which this ordinance was adopted
(Stats. 1863, p. 540), it was incumbent upon the city
to frame the ordinance, so far as practicable, in harmony
with the general laws of the state.   (*Ex parte Kearny*, 55
Cal. 225; Dillon on Municipal Corporations, sec. 319.)

The act of which the petitioner was convicted is not
enumerated among the crimes which are defined in the
Penal Code, but is made an offense solely by virtue
of the ordinance.   The legislature has not deemed it
necessary to prescribe any punishment therefor, and
from the statutes which it has adopted upon kindred
topics, the penalty allowed by the ordinance in question
must be held to be not in harmony with its general
policy.   By the provisions of section 647 of the Penal
Code, a person " who lives in and about houses of ill-
fame" is punishable only by imprisonment in the county
jail not exceeding ninety days; and by section 315 of
that code the extent of punishment to be inflicted upon
the person who " keeps " a house of ill-fame is limited to
imprisonment in a county jail not exceeding six months,
or a fine not exceeding five hundred dollars, or both.

We are of the opinion that so much of the ordinance

in question as permits a fine of one thousand dollars to be imposed as the penalty for visiting a house of ill-fame is unreasonable, and not in harmony with the laws of the state, and therefore void. The petitioner must therefore be discharged from custody.

It is so ordered.

DE HAVEN, J., SHARPSTEIN, J., PATERSON, J., GAROUTTE, J., and BEATTY, C. J., concurred.

McFARLAND, J., concurring.— I concur in the order discharging the petitioner, upon the ground that under a penal statute or ordinance imposing imprisonment not exceeding a certain term or fine, or both, a defendant cannot be kept in jail under the pretense of enforcing the fine for a term longer than the maximum term of imprisonment prescribed by the statute. This has always been my opinion. In this case the petitioner should have been discharged at the end of six months, which is the maximum term of imprisonment prescribed. Under the other view (if the ordinance be valid), the petitioner could have been fined one thousand dollars, and in default of payment sent to jail for one thousand days, which, under the circumstances, would have been still more cruel and absurd.