[No. 20881. In Bank. — September 29, 1891.]

## Ex parte ISAAC SOLOMON, on Habeas Corpus.

CRIMINAL LAW— POSSESSION OF LOTTERY TICKETS — MUNICIPAL ORDINANCE — CONFLICT WITH GENERAL LAWS — PENAL CODE. — Section 70 of ordinance 1587 of the city and county of San Francisco, fixing the minimum penalty for the offense of having lottery tickets in possession at a fine of $250, or imprisonment for three months, and allowing a maximum penalty of $1,000, or imprisonment for six months, is not in harmony with sections 320 to 326 of the Penal Code, regulating and punishing kindred and more serious offenses respecting lottery drawing, the selling of lottery tickets, etc., which can only be punished by a fine not exceeding $500, or by imprisonment not exceeding six months, without any minimum penalty; and such ordinance is unreasonable and void, as being in conflict with the general laws of the state.

APPLICATION to the supreme court for a discharge upon a writ of *habeas corpus*. The facts are stated in the opinion of the court.

*Alexander Campbell,* and *Humphreys & Flournoy,* for Petitioner.

DE HAVEN, J. — The petitioner was convicted in the police court of the city and county of San Francisco of "having lottery tickets in his possession," which is made an offense by section 70 of order No. 1587 of that city, and is now suffering imprisonment therefor. The ordinance provides that the offense of which petitioner was convicted is punishable "by a fine not less than $250, nor more than $1,000, or by imprisonment by not less than three months nor more than six months, or by both such fine and imprisonment."

Under the general law of the state found in sections 320 to 326 of the Penal Code, it is made a misdemeanor either to conduct the drawing of a lottery or to sell lottery tickets, or to aid in the drawing of a lottery or the selling of tickets therein, or to open any office or other place for the sale of such tickets, or to let or permit to be used any building for the drawing of any lottery or for the purpose of selling such tickets therein; but the extent to which any of these offenses may be punished

is a fine not exceeding $500, or by imprisonment in the county jail not exceeding six months, or by both such fine and imprisonment; and it is therefore possible that upon conviction of either of said offenses under the state law there may, in a wise discretion, be imposed upon the offender only a nominal fine, while for the comparatively trifling offense of having a lottery ticket in possession, the discretion to impose a fine of less than $250 is taken away from the court by this ordinance, and the fine may be double that which can be imposed for the more serious offenses named in the general law.

Such an ordinance is not in harmony with the general laws of the state, and is unreasonable and void within the rule announced in *Ex parte Ah You*, 88 Cal. 99, and upon the authority of that case the petitioner is discharged.

HARRISON, J., SHARPSTEIN, J., GAROUTTE, J., and BEATTY, C. J., concurred.

PATERSON, J., concurring. — I concur. There is nothing in the nature of the offense which calls for any severer penalty for its commission in a thickly settled community, than for its commission in the country. The acts constituting the offense in no way tend to create a breach of the peace, nor do they tend to injure the person or property of another.

The minimum penalty was fixed, doubtless, at $250, to cut off any leniency on the part of the court in which the conviction might be had. But the reasonableness or unreasonableness of an ordinance does not depend upon the difficulty of enforcing its penal provisions. The object of the ordinance is plain, but as it, in effect, provides a greater penalty than that provided by the statute for kindred offenses, it is unreasonable in law, and therefore void.