[Crim. No. 504.  Second Appellate District.—November 11, 1916.]

THE PEOPLE, Respondent, v. JEAN FAGES, Appellant.

COUNTY ORDINANCE—PROHIBITION OF SALE OF LIQUOR—MAXIMUM PENALTY—PENAL CODE NOT IN CONFLICT.—A county ordinance entirely prohibiting the retailing of intoxicating liquor, except for certain special uses, which fixes a maximum fine of six hundred dollars and a maximum term of imprisonment at seven months as a penalty for a violation of its provisions, is not in conflict with section 19 of the Penal Code, which declares, that except in cases where a different punishment is prescribed by such code, every offense declared to be a misdemeanor is punishable by imprisonment in a county jail not exceeding six months, or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment.

ID.—CONSTITUTIONAL LAW—GRANT OF POLICE POWER—REGULATIONS NOT IN CONFLICT WITH GENERAL LAWS.—When the constitution grants to local authorities the right to make and enforce police regulations "not in conflict with general laws," it is intended that local regulations of every kind may be made and enforced, except where the particular act described by the ordinance is the same act already included within the category of crimes as covered by the general codes or statutes, or the punishment affixed by ordinance for acts of a lesser degree than similar acts described by the statute is in excess of or not in harmony with the punishment designated by the latter.

APPEAL from an order of the Superior Court of San Bernardino County denying a new trial.  H. T. Dewhirst, Judge.

The facts are stated in the opinion of the court.

Albert D. Trujillo, and Robert M. McHargue, for Appellant.

U. S. Webb, Attorney-General, Robert M. Clarke, Deputy Attorney-General, T. W. Duckworth, District Attorney, and John L. Campbell, Deputy District Attorney, for Respondent.

JAMES, J.—Defendant was convicted of a misdemeanor under an ordinance of the county of San Bernardino which made it unlawful for any person to sell, give, or furnish intoxicating liquor to another in said county outside of incorporated cities and towns. By this ordinance the retailing of intoxicating liquor, except for certain special uses, was entirely prohibited. The penalty fixed for a violation of the ordinance was that the person convicted should be punished by a fine of not exceeding six hundred dollars, or by imprisonment in the county jail of San Bernardino County for not more than seven months, or by both such fine and imprisonment. Defendant presented a motion for a new trial, which was denied, and this appeal is prosecuted from the order made in that behalf.

As by section 1425 of the Penal Code justices' courts are given jurisdiction only of misdemeanors punishable by fine not exceeding five hundred dollars or by an imprisonment not exceeding six months, or by both fine and imprisonment, the ordinance by fixing a maximum term of imprisonment at seven months, described a misdemeanor of which the justices' courts would not have jurisdiction, but which would fall within the jurisdiction of the superior court, where in fact the case was tried; the district attorney having proceeded by information after the defendant had been held to answer. The main contention made by appellant is that the board of supervisors of the county of San Bernardino exceeded the legislative power vested in it when it attempted to define a crime commonly classed as "high-grade misdemeanor." There is no contention but that if such power did reside in the board of supervisors, then the superior court was the court of original trial jurisdiction. By the state constitution (sec. 5, art. VI) the superior court is given jurisdiction of "all criminal cases amounting to felony, and cases of misdemeanor not otherwise provided for. . . . " See this subject discussed in *Ex parte Wallingford,* 60 Cal. 103, and *People v. Palermo Land & Water Co.,* 4 Cal. App. 717, [89 Pac. 723, 725]. The legislature having given to justices' courts jurisdiction only in misdemeanor cases where the punishment may not exceed six months' imprisonment and five hundred dollars' fine, all misdemeanors not falling within the class so limited are triable in the superior court, subject to the further exception that municipal courts in some instances are

by statute vested with jurisdiction to try all misdemeanors, regardless of the extent of punishment which may be visited upon the person convicted. The question as to the extent of the legislative authority of a county to be exerted in the direction of creating crimes and fixing punishments, may now be examined: While it is true that the general law-making power of the state is vested by the constitution in the legislature, it is also true that by section 11, article XI, there has been delegated to county and other inferior governmental agencies the right to exercise the police power in their respective localities, that provision reading as follows: "Any county, city, town, or township may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws." It has been held that the legislative authority so delegated to local and municipal bodies within the limits specified is as broad as the power possessed by the legislature itself. "By virtue of this clause the constitutional grant of the police powers of the state to the city goes directly to and vests in the board, which thereby becomes possessed of the right to exercise within the city limits the entire police power of the state, subject only to the control of general laws. . . . The power conferred by the constitution in this respect, subject to the two exceptions, that it is local to the city and that it is subject to general laws, is as broad as that of the legislature itself." (*Odd Fellows' Cemetery Assn.* v. *City and County of San Francisco,* 140 Cal. 226, [73 Pac. 987]; *In re Montgomery,* 163 Cal. 457, [Ann. Cas. 1914A, 130, 125 Pac. 1070]; *Pacific Gas etc. Co.* v. *Police Court,* 28 Cal. App. 412, [152 Pac. 928].) Is the regulation consistent with the power granted in that it treats of matters local in their nature and not in conflict with any general laws of the state? That it is a regulation local in its character is not disputed; but appellant's counsel argue that it conflicts with the general law of the state, because the legislature has by general statute fixed the maximum punishment which may be enforced in misdemeanor cases. We are referred to section 19 of the Penal Code, which declares that, "Except in cases where a different punishment is prescribed by this code, every offense declared to be a misdemeanor is punishable by imprisonment in a county jail not exceeding six months, or by a fine not exceeding five hundred dollars, or by both." Appellant would have us read this section as

the law not only applicable to the numerous instances to be found in the Penal Code where offenses are declared merely to be misdemeanors without any specific punishment being affixed, but as comprehending all such offenses, whether to be found in the general statutes of the legislature or ordinances of a municipal body. It is not contended, and the proposition certainly could not be maintained, that the legislature may not in any general statute not made a part of the Penal Code proper determine the punishment to be affixed to the commission of any prohibited act. However, it is insisted that the provisions of the section furnish a limitation as to the punishment which may be determined upon by a municipal body—in other words, that any punishment which may be fixed by local authorities as the penalty for the commission of forbidden acts within the police power must in no case exceed a fine of five hundred dollars, or six months' imprisonment in a county jail, or both such fine and imprisonment. We are not so inclined to construe section 19 of the Penal Code. There are numerous instances to be found among the sections of the code (and in the general statutes of the state) where offenses are described as "misdemeanors" and no other penal clause is added thereto. Necessarily there must exist some general provision to which courts must look in fixing punishment for such misdemeanors. Meeting such a case, the judge has to refer to section 19 and finds that in all cases where a different punishment is not "prescribed by this code," misdemeanors defined therein are to be punished by a maximum of either or both a fine of five hundred dollars or imprisonment not exceeding six months. When the constitution grants to local authorities the right to make and enforce police regulations "not in conflict with general laws," it is intended that local *regulations* of every kind may be made and enforced, except where the *particular act* described by the ordinance is the same act already included within the category of crimes as covered by the general codes or statutes, or the punishment affixed by ordinance for acts of a lesser degree than similar acts described by the statute is in excess of or not in harmony with the punishment designated by the latter. All of the cases that we have examined go this far and no farther. (*Ex parte Sic,* 73 Cal. 142, [14 Pac. 405]; *In re Desanta,* 8 Cal. App. 295, [96 Pac. 1027]; *Ex parte Solomon,* 91 Cal. 440, [27 Pac. 757]; *In re Ah You,* 88 Cal. 99, [22 Am.

St. Rep. 280, 11 L. R. A. 408, 25 Pac. 974] ; *Ex parte Mans-field,* 106 Cal. 400, [39 Pac. 775] ; *Ex parte Bagshaw,* 152 Cal. 701, [93 Pac. 864].) This prosecution does not fall within what may be termed the "license" cases: Wherever the securing of a license is made a condition by ordinance or statute to the transacting of any business, then section 435 of the Penal Code directly applies, which declares the acts of any person a misdemeanor who, without a license, carries on any business or calling for the transaction of which a license is required. No specific punishment being prescribed, necessarily reference must be made to section 19, hereinbefore referred to, in order to determine the measure of punishment which may be meted out. Where municipal legislative bodies in their enactments requiring persons to procure licenses to conduct a business fix a punishment different from that which section 19 prescribes, declarations in the ordinances as to that punishment have been held to be void and of no effect. Such was the case of *Arfsten* v. *Superior Court,* 20 Cal. App. 269, [128 Pac. 949], (cited by appellant here), and the case of *Ex parte Stephen,* 114 Cal. 278, [46 Pac. 86]. The punishment prescribed under an ordinance must be both reasonable and in harmony with the state legislative enactments on kindred subjects. This was the effect of the decisions in *Ex parte Ah You,* 88 Cal. 99, [22 Am. St. Rep. 280, 11 L. R. A. 408, 25 Pac. 974], and *Ex parte Solomon,* 91 Cal. 440, [27 Pac. 757]. It cannot be said that the possible maximum of seven months' imprisonment under the ordinance here considered is an unreasonable penalty to be affixed for the commission of the acts prohibited. The ordinance is not inconsistent with kindred enactments of the state: We find in the general statutes of the legislature (Stats. 1911, p. 599) an act providing for local option in the matter of the selling or distributing of intoxicating liquors. That act furnishes authority for the enforcement of prohibition within territory in which the electors thereof so declare; and when such locality shall have become "no license territory" any person who vends or distributes intoxicating liquor, except for certain limited uses, may be punished upon conviction by imprisonment in the county jail not exceeding seven months, or by fine not exceeding six hundred dollars, or by both such imprisonment and fine. It will be observed that both the maximum fine and imprisonment there provided to be imposed

and inflicted are precisely the same as those specified in the ordinance we are now considering.

We can find no error which entitles appellant to a new trial.

The order denying a new trial is affirmed.

Conrey, P. J., and Shaw, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 8, 1917.