[Crim. No. 2053. In Bank.—January 8, 1917.]

In re FRED ISCH, on Habeas Corpus.

COUNTIES—MAXIMUM PENALTY FOR VIOLATION OF ORDINANCE—CONFLICT WITH GENERAL LAWS — MISDEMEANOR — SELLING INTOXICATING LIQUORS.—A county, in the exercise of the power granted it by section 11 of article XI of the constitution of making and enforcing within its limits all such local, police, sanitary, and other regulations "as are not in conflict with general laws," may impose, for the violation of an ordinance making it a misdemeanor to sell intoxicating liquors, a penalty exceeding five hundred dollars as to fine and six months as to imprisonment.

ID.—LIMITED OPERATION OF SECTION 19 OF PENAL CODE.—Section 19 of the Penal Code, providing that, "except in cases where a different punishment is prescribed by this code," every offense declared to be a misdemeanor is punishable by imprisonment not to exceed six months, or by a fine not exceeding five hundred dollars, is limited in its operation to the misdemeanor offenses declared by that code.

ID.—LIMITATION ON POWER OF LOCAL LEGISLATIVE BODIES.—Even if section 19 of the Penal Code could be held applicable to local ordinances, it could not reasonably be construed as a limitation on the power of local legislative bodies in the matter of prescribing penalties, but simply as a law prescribing the penalty where a different punishment is not prescribed by the local body.

ID.—ORDINANCE PROHIBITING SALE OF LIQUOR—HARMONY WITH GENERAL LAW.—A county ordinance prescribing a maximum penalty of six hundred dollars, or imprisonment for seven months, or both, for selling intoxicating liquors within certain prohibited limits of the

county, is in harmony with the general law of the state known as the local option law (Stats. 1911, p. 599), which prescribes the same maximum penalty, and is not void for unreasonableness.

APPLICATION for a Writ of Habeas Corpus directed to the sheriff of San Bernardino County.

The facts are stated in the opinion of the court.

Frank T. Bates, for Petitioner.

T. W. Duckworth, District Attorney, for Respondent.

ANGELLOTTI, C. J.—The question presented by this proceeding is as to the validity of the provision of Ordinance No. 168 of San Bernardino County prescribing the penalty for a violation of such ordinance. The ordinance is one enacted by the board of supervisors of that county prohibiting the sale of intoxicating liquors within the county outside of municipal corporations. The section prescribing the penalty is section 18, and is as follows: "Any person violating any of the provisions of this ordinance shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine not exceeding six hundred dollars, or be imprisoned in the county jail of San Bernardino county for not more than seven months, or be punished by both such fine and imprisonment." The claim is that the board of supervisors exceeded its power in providing a penalty exceeding five hundred dollars as to fine and six months as to imprisonment.

Section 11, article XI, of the constitution, reads as follows: "Any county, city, town, or township may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws." Except as affected by the initiative and referendum provisions of our law, which are in no way involved here, the legislative power of a county is vested in the board of supervisors thereof. As was said in *Odd Fellows Cem. Assn.* v. *San Francisco*, 140 Cal. 226, 231, [73 Pac. 987], "the power conferred by the constitution in this respect, subject to the two exceptions, that it is local to the city and that it is subject to general laws, is as broad as that of the legislature itself," and the board was vested with the right to exercise within the limits of its jurisdiction, to use the words of the case just cited,

"the entire police power of the state, subject only to the control of general laws." Necessarily this constitutional provision gives to a county "the right to determine what police regulations it will prescribe, and the only limitation upon the exercise of the power is, that such regulations shall not be in conflict with the general laws of the state." (*Ex parte Cheney,* 90 Cal. 617, 620, [27 Pac. 436].) In no respect is it claimed that the ordinance before us is in conflict with any general law of the state, except in the matter of the penalty prescribed. Of course no claim can well be made that in the enactment of such police regulations the county or city may not provide for the enforcement thereof by prescribing a penalty for the violation thereof. The claim simply is that here the county had no power to impose the particular penalty prescribed. In view of the broad grant of power in the constitution, this contention must necessarily be based on the claim that the penalty provision is in conflict with some general law of the state.

It is claimed that it is in conflict with section 19 of the Penal Code. That section is as follows: "Except in cases where a different punishment is prescribed by this code, every offense declared to be a misdemeanor is punishable by imprisonment in a county jail not exceeding six months, or by a fine not exceeding five hundred dollars, or by both." The preceding section (18) provides: "Except in cases where a different punishment is prescribed by this code, every offense declared to be a felony is punishable by imprisonment in the state prison, not exceeding five years." The Penal Code contains many provisions declaring various offenses felonies and misdemeanors without prescribing any penalty except as the same is prescribed in the sections we have quoted. These sections are contained in that part of the Penal Code which is entitled "Preliminary Provisions." To our minds their intent and scope are very clear. They manifestly refer only to offenses declared by the code of which they are a part (the Penal Code), and were designed solely to provide a penalty for any such offense where no other penalty was specially provided therefor, and cannot reasonably be read in any other way. It certainly would not be reasonable to read them as showing an intention to prescribe the maximum penalty for offenses that might be declared by the legislature by statutes not a part of any code, or by provisions of the other

codes of the state, for which the legislature might desire to provide a more severe penalty, as, of course, it would have the right to do. And yet such is the meaning that would have to be given to the section under the construction claimed for it, for it would then purport to apply to every offense as to which a different punishment was not prescribed *by the Penal Code,* whether the offense was or was not one declared by such code. The mere fact that it could not avail against a later expression of the will of the legislature as shown in some other statute declaring a particular offense, and prescribing a different penalty therefor, is not material in this connection, except as tending to show that those enacting the code could not have intended any such futile effort. Manifestly they were talking solely about offenses declared "by this code." Certainly nothing in the section furnishes a reasonable basis for a conclusion that it was intended thereby to declare a general rule limiting the power of counties, cities, and towns in the matter of prescribing penalties for the violation of regulations enacted under the authority conferred by section 11 of article XI of the constitution. It is to be observed that section 19 of the Penal Code prescribes only a maximum penalty for the offenses to which it applies, thus leaving it within the discretion of the court pronouncing judgment to impose any penalty not *exceeding* that prescribed. If applicable to city or county ordinances, the section would preclude the fixing by city councils or boards of supervisors of any minimum penalty. It is a matter of common knowledge that many such ordinances do prescribe a minimum penalty, below which the court pronouncing judgment is not permitted to go, and it certainly has never been supposed that section 19 of the Penal Code precludes such a course. In *Ex parte Cheney,* 90 Cal. 617, [27 Pac. 436], it was claimed that the penalty provision of an ordinance of the city and county of San Francisco which prohibited the carrying of a concealed weapon, and by which the penalty was fixed at "a fine *of not less than $250* and not exceeding $500," or imprisonment, or both, was invalid for the reason that the minimum penalty prescribed was "repugnant to and not in harmony with the spirit and letter of the law . . . of the state of California." Section 19 of the Penal Code was not mentioned, but it was substantially declared that the city had the power to make the provision as to a minimum pen-

alty and the same was upheld. We are satisfied that section 19 of the Penal Code is not applicable in the matter of city, town, and county ordinances. We are further satisfied that if it could be held applicable, it could not reasonably be construed as a limitation on the power of local bodies in the matter of prescribing penalties, but simply as a law prescribing the penalty where a different punishment is not prescribed by the local body. There is no decision in conflict with our views. *Arfsten* v. *Superior Court,* 20 Cal. App. 269, [128 Pac. 949], was decided upon the theory that the prosecution was under an ordinance prohibiting the carrying on of a business, without a license, the offense declared by section 435 of the Penal Code, and as to which the penalty was prescribed, of course, by section 19 of the Penal Code.

In *Ex parte Solomon,* 91 Cal. 440, [27 Pac. 757], it was held that an ordinance prescribing a minimum fine of $250 and a minimum imprisonment of three months for having lottery tickets in one's possession, when under the general law of the state such misdemeanors as conducting the drawing of a lottery, selling lottery tickets, etc., were punishable by fine not exceeding five hundred dollars, or imprisonment not exceeding six months, without any prescribed minimum, providing as it did a greater penalty than that provided by statute for kindred offenses, was not in harmony with the general laws of the state, and was therefore unreasonable and void. (See, also, *In re Ah You,* 88 Cal. 99, [22 Am. St. Rep. 280, 11 L. R. A. 408, 25 Pac. 974].) This ruling would prevent counties, cities, and towns from going to the possible extremes suggested by learned counsel for petitioner. But it can have no effect in the case at bar for the simple reason that the legislative enactment known as the local option law (Stats. 1911, p. 599), a kindred law of the state, prescribes the same maximum penalty.

That by reason of other provisions of our constitution and statutes the jurisdiction in cases of violation of the ordinance is in the superior court instead of in the justices' court, simply because the punishment may exceed six months' imprisonment and five hundred dollars fine, we regard as altogether immaterial to the question before us. There is nothing in our law expressly or impliedly requiring boards of supervisors to so fix the penalty that the case shall come within the prescribed jurisdiction of the justices' court, or that it shall not

come within the jurisdiction of the superior court. The penalty being prescribed, the law determines the matter of jurisdiction of the offense.

We see no reasonable ground upon which it may be held that the provision assailed is in conflict with any general law of the state, or against public policy. The same conclusion was reached by the district court of appeal of the second appellate district in *People* v. *Fages,* 32 Cal. App. 37, [162 Pac. 137].

The writ is discharged and the petitioner remanded to the custody of the sheriff of San Bernardino County.

Sloss, J., Lorigan, J., Henshaw, J., Lawlor, J., Shaw, J., and Melvin, J., concurred.