[Crim. No. 2603.   First Dist., Div. One.   July 13, 1949.]

In re EDWARD BORAH, on Habeas Corpus.

Charles R. Garry for Petitioner.

Fred N. Howser, Attorney General, and David K. Lener, Deputy Attorney General, for Respondent.

WARD, J.—In this habeas corpus proceeding petitioner alleges that he was convicted of violating section 210 of the Police Code, part of chapter VIII, article 2 of the San Francisco Municipal Code. The California Constitution, article XI, section 11 provides: "Any county, city, town, or township may make and enforce within its limits all such local, police, sanitary, and other regulations as are not in conflict with general laws."

Section 210 provides: "It shall be unlawful for any person engaged in telephonic conversation with any telephone operator, supervisor or chief operator or *with any other person*, to use . . . any abusive, profane, bawdy, lewd or obscene language." (Italics added.) Section 210 has no special penalty clause and petitioner contends the section is therefore invalid. Section 16 of Bill No. 1734, Ordinance No. 1.075, provides: "It shall be unlawful for any person to violate any provision or to fail to comply with any of the requirements of the Municipal Code. Any person violating any of the provisions or failing to comply with any of the mandatory requirements of the Municipal Code shall be guilty of a misdemeanor. Any person convicted of a misdemeanor under the provisions of the Municipal Code, unless provision is otherwise therein made, shall be punishable by a fine of not more than five hundred ($500) dollars or by imprisonment in the County Jail for a period of not more than six (6) months or by both such fine and imprisonment." Section 16 of the Municipal Code is similar to section 19 of the Penal Code in providing a maximum punishment for the offense of misdemeanor when a punishment is not otherwise prescribed. Municipal Code, sections 210 and 16 must be read together. The numbering of sections is only for the purpose of conven-

ience. "Indeed, the cases abound in admonitions to the effect that one or more code sections are to be read in connection with other sections." (23 Cal.Jur. § 135, p. 762.) The contention that section 210 is invalid because it prescribes no punishment is without merit.

The offense denounced in section 210 is a misdemeanor, which for convenience may be referred to as a low misdemeanor, that is, one punishable by a fine not exceeding five hundred dollars or six months' imprisonment in the county jail, or both (§ 16), to distinguish it from a high misdemeanor, or in some instances an indictable misdemeanor, with a greater punishment, either by fine or confinement, "or both." (7 Cal. Jur. 872.) "At the present time, whether a criminal act is to be classed as a felony or a misdemeanor usually depends on the character of the punishment provided by the statute defining the crime." (14 Am.Jur. § 13, p. 762.)

Penal Code, section 415, provides: *"Disturbing the Peace.* Every person who maliciously and wilfully disturbs the peace or quiet of any neighborhood or person, by loud or unusual noise, or by tumultuous or offensive conduct, or threatening, traducing, quarreling, challenging to fight, or fighting, or . . . use any vulgar, profane, or indecent language within the presence or hearing of *women or children, in a loud and boisterous manner,* is guilty of a misdemeanor, and upon conviction by any court of competent jurisdiction shall be punished by fine not exceeding two hundred dollars, or by imprisonment in the county jail for not more than ninety days, or by both fine and imprisonment, or either, at the discretion of the court." (Italics added.)

Petitioner relies on *In re Ah You,* 88 Cal. 99 [25 P. 974, 22 Am.St.Rep. 280, 11 L.R.A. 408], and *Ex parte Solomon,* 91 Cal. 440 [27 P. 757]. In each case a maximum fine of $1,000 was provided for under the ordinance, an amount greatly in excess of the maximum fine provided by statute for a similar offense. In the Ah You case the accused was evidently convicted of visiting a house of prostitution and sentenced to pay a fine of $400 or "be imprisoned in the county jail . . . at the rate of one day for each one dollar of fine until said fine is satisfied." Thus a sentence was imposed which was in excess of double the maximum period of six months provided by statute. It was held that the sentence was not in harmony with statutes upon kindred topics and therefore void. *Ex parte Solomon, supra,* involved "having lottery tickets in possession." The court stated, at page 441,

that the minimum fine, $250, "may be double that which can be imposed for the more serious offenses named in the general law." The maximum fine fixed in the ordinance was $1,000. Upon the authority of *In re Ah You, supra,* the ordinance was declared unreasonable and void.

The punishment for the offense under the municipal ordinance set forth in the complaint in the present case does not call for punishment for crimes referred to under the common law as indictable or high misdemeanors.

In a case wherein the penal clause of the ordinance is not in excess of the ordinary punishment such as is provided in Penal Code, section 19, the rule is that a municipality may pass ordinances covering similar offenses and provide for greater punishment than a statute if the offense is not *precisely* the same offense covered by the statute.

Petitioner contends that profanity and obscene language in the presence or hearing of women or children is a much grosser offense than "mere conversation with telephone operators." It should be added that while the Municipal Code offense is confined to conversations on the telephone, it is broader than the Penal Code section, which refers only to the use of such language in the presence or hearing of women and children, in a loud and boisterous manner. The moral effect may be greater or "grosser" to use vulgar language in the presence of women and children. However, it must be assumed that on account of the densely populated area of San Francisco and the number of telephones in operation, the offense of using indecent language required special treatment by the municipal authorities. The ordinance section and the Penal Code section are not in conflict, not identical, and not precisely the same. "It would seem that an ordinance must be conflicting with the general law which may operate to prevent a prosecution of the offense under the general law. The constitution provides that no one shall be twice put in jeopardy for the same offense. . . . It will be observed that we only hold that there is a conflict where the ordinance and the general law punish precisely the same acts." (*In re Sic,* 73 Cal. 142, 148, 149 [14 P. 405].)

A municipality may restrict and make additional qualifications in a field which general laws already cover. (*In re Hoffman,* 155 Cal. 114 [99 P. 517, 132 Am.St.Rep. 75].) In the Hoffman case, at page 118, the court stated: ". . . it may often, and does often happen that the requirements which the state sees fit to impose may not be adequate to meet the

demands of densely populated municipalities; so that it becomes proper and even necessary for municipalities to add to state regulations provisions adapted to their special requirements.'' The court also said (p. 119): ''Nor is it any objection to the validity of the ordinance that its regulatory provisions and the penalty for its violation differ from those of the state law. If prosecution is had under the state law, a defendant is entitled to the protection which the state law affords him; if under the ordinance, then his rights and duties are governed by that enactment.''

At the time the writ was issued bail was fixed by this court. We have been informed that petitioner was unable to raise bail and is still in custody.

The writ is discharged.

Peters, P. J., and Bray, J., concurred.