[Crim. No. 3430.   First Dist., Div. One.   Dec. 9, 1957.]

In re ROBERT ROLAND AYALA, on Habeas Corpus.

Arthur M. Lebow for Petitioner.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Arlo E. Smith, Deputy Attorney General, for Respondent.

BRAY, J.—The petition for habeas corpus raises the question of whether or not the amended information upon which petitioner was convicted states a public offense sufficiently to give the court jurisdiction to accept defendant's plea of guilty.

## RECORD

Count I of the amended information* charged petitioner with the crime of violation of section 266h of the Penal Code. Petitioner pleaded guilty to this count and was sentenced to the state prison. He is now in San Quentin.

Based primarily upon *People* v. *Smith,* 44 Cal.2d 77 [279 P.2d 33], decided subsequently to his sentence, petitioner contends that either no public offense was alleged in the information, or, if any, merely a misdemeanor, and that hence the superior court had no jurisdiction to act.

## SUFFICIENCY OF THE INFORMATION

The portion of section 266h, Penal Code, applicable here reads: "Any male person who, knowing a female person is a prostitute . . . *solicits* or receives compensation for soliciting for her, is guilty of pimping, a felony. . . ." (Emphasis added.)

In the Smith case, *supra,* the defendant was charged with violating section 266h, Penal Code. (The language of the information does not appear.) The evidence at the preliminary examination showed that the "defendant had solicited a customer for a woman who was known to defendant to be a prostitute, but there was no evidence to show that defendant either solicited compensation or received compensation for the solicitation of any customer." (P. 78.) The sole question before the Supreme Court was "Does section 266h of the Penal Code proscribe the mere solicitation of

---

*Count II charging defendant with receiving compensation for soliciting for the prostitution of June Fowler was dismissed when defendant pleaded guilty to the first count.

a customer for a prostitute?" (P. 78.) The court concluded that it did not, stating that the section provides that pimping may be committed in one of two ways: (1) by the receipt of compensation for soliciting for a prostitute (this was the charge in the second count here, which was dismissed), and (2) by soliciting compensation for soliciting for a prostitute. It further held that merely soliciting a customer for a prostitute, and not for compensation, was not a crime under this section, and that such solicitation would be a misdemeanor under section 318, Penal Code.

In order to determine the contention here presented it is important to know how far the sufficiency of the information can be questioned on habeas corpus. *In re Wilson,* 196 Cal. 515, 518 [238 P. 359], discusses this subject. It quotes from 13 California Jurisprudence, page 232, section 14: " 'The scope of inquiry upon *habeas corpus* into the sufficiency of an indictment or information is limited, for, although the petitioner may be discharged if the pleading totally fails to charge an offense known to the law, if there is attempted to be stated an offense of a kind of which the court assuming to proceed has jurisdiction, the question whether the facts charged are sufficient to constitute an offense of that kind will not be examined into.' " It quotes from *In re Kavanaugh,* 180 Cal. 181, 182 [180 P. 533]: " 'The information in the superior court upon which the judgment against petitioner is based clearly attempted to charge the felony defined by section 476a of the Penal Code. Whether the specific facts alleged as constituting the particular offense failed to sufficiently show the public offense attempted to be charged is a question which cannot be considered on *habeas corpus* under the well-settled rule of this jurisdiction. . . .' "

In *In re Cook,* 13 Cal.App. 399 [110 P. 352], the defendant was charged in an indictment in the language of the then section 105, Penal Code, with *escape* from prison. He pleaded guilty to *attempt to escape* from prison, a crime prohibited by then section 106, Penal Code. While undergoing sentence therefor, he petitioned for discharge on habeas corpus on the ground that section 105 was unconstitutional and therefore in charging him with escape, the indictment did not state a public offense. The court agreed that the escape statute was unconstitutional but stated that the attempt to escape statute was not and that as a charge of attempt to escape was necessarily included in a charge of escape, the indictment

was sufficient on habeas corpus, even though it would probably have been subject to demurrer had one been filed at the proper time. The court stated that by his plea of guilty the defendant waived whatever defects might characterize the statement of the offense to which he pleaded guilty.

■ In *Ex parte Williams,* 121 Cal. 328 [53 P. 706], the court stated (p. 330) : "While the inquiry on *habeas corpus* may extend to the question whether the complaint or information charges an offense known to the law, since this objection goes to the question of jurisdiction (*Ex parte Maier,* 103 Cal. 476 [37 P. 402, 42 Am.St.Rep. 129]), the proceeding may not be made to subserve the office of a demurrer; and if the facts alleged squint at a substantive statement of the offense, no matter how defectively or inartificially they may be stated, or however confused and beclouded they may be rendered through intermingling them with immaterial or unnecessary averments, the writ will not lie.''

"On *habeas corpus* the inquiry into the sufficiency of an indictment is limited. We think the true rule is that where an indictment purports or attempts to state an offense of a kind of which the court assuming to proceed has jurisdiction the question whether the facts charged are sufficient to constitute an offense of that kind will not be examined into on *habeas corpus.''* (*Matter of Ruef,* 150 Cal. 665, 666-667 [89 P. 605].) See also *In re Simmons,* 71 Cal.App. 522 [235 P. 1029], where the complaint, charging the petitioner with possession of intoxicating liquor purported to state an offense under a Bakersfield ordinance, was held to sufficiently state on habeas corpus a violation of the state law.

■ With these rules in mind let us look at the information. The information charges defendant with "violation of Section 266h of the Penal Code" in that between certain dates "knowing June Fowler was a prostitute, he did solicit for her prostitution." While undoubtedly the information would have been subject to demurrer, for all purposes on habeas corpus it sufficiently charges a public offense. It, in effect, charges defendant with the type of solicitation prohibited by section 266h, Penal Code, and defendant by his plea of guilty admitted that he violated that section by engaging in the type of solicitation which it prohibits. At least, "the facts alleged squint at a substantive statement of the offense," even though "defectively or inartificially" pleaded. (*Ex parte Williams, supra,* 121 Cal. at pp. 330-331.) See *People* v. *Beesly,* 119 Cal.App. 82, 87 [6 P.2d 114, 970], where the court on appeal

from a judgment of conviction stated that the plea of guilty is a waiver of the sufficiency of an information or indictment even where it "is so defective that a demurrer thereto should have been sustained. . . ."

■ *In re Ballas,* 53 Cal.App. 109 [199 P. 816], states (p. 111): "The courts of this state have never made a practice of releasing persons convicted of felonies through the writ of *habeas corpus* in the absence of a clear and unquestionable showing upon the face of the record of the case that the court in which the conviction was had was wholly without jurisdiction to try the accused for the offense charged and of which he had been convicted."

Here there is no clear and unquestionable showing on the face of the record that the trial court did not have jurisdiction of the offense. It did have jurisdiction of any violation of section 266h, and the record does not show that the solicitation prohibited by the section did not take place. While for purposes of demurrer the information would have to state facts showing that it did, for purposes of habeas corpus the charge of violating section 266h is sufficient.

The writ is discharged.

Peters, P. J., and Wood (Fred B.), J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied February 5, 1958.